**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3747
_____

HONG MOU HUANG,
                                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                            Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-921-901)
Immigration Judge: Eugene Pugliese

_____

Submitted Under Third Circuit LAR 34.1(a)
April 22, 2010

Before: MCKEE, FUENTES and VAN ANTWERPEN, Circuit Judges

(Opinion filed: July 2, 2010)
_____

OPINION
_____

PER CURIAM

       Hong Mou Huang petitions for review of a final order of the Board of Immigration

Appeals ("BIA") affirming the Immigration Judge's ("IJ's") denial of asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT"). We will deny the petition for review.

## I.

Hong Mou Huang, a native and citizen of the People's Republic of China, entered the United States in 2007 and was placed in removal proceedings for being an alien present without valid documentation. Huang applied for asylum, withholding of removal, and CAT protection, claiming that he had been persecuted for resisting China's family planning policy. Huang also stated in his asylum application that he feared he would be fined, jailed, and tortured for his illegal departure if he returned to China.

During the hearing on his application, Huang testified that his wife was forced to have an intrauterine device implanted after the birth of their first child. She had the device removed and the couple moved to another city, obtaining jobs at a brick factory. Sometime thereafter, Huang's wife became pregnant with a second child. Meanwhile, back in their hometown, the authorities began coming to Huang's parents' house in search of his wife because she failed to report for gynecological check-ups. The authorities eventually detained Huang's parents in an effort to force his wife to appear. After learning about the detention, Huang's wife returned and gave herself up to the authorities and a forced abortion was performed. About seven years later, Huang fled China. He did not testify about the claim in his asylum application that he feared he would be persecuted for illegally departing China if he were to return.

2

The IJ denied relief and ordered Huang removed to China, concluding that he had not suffered past persecution. The IJ concluded that, as a matter of law, Huang could not maintain a claim for asylum based on his wife's forced abortion. He further concluded that Huang had failed to present any evidence that he himself had been persecuted. As for the claim regarding fear of future persecution for illegally departing China, the IJ concluded that Huang had waived the claim by failing to testify about it.

The BIA affirmed the IJ's decision, holding that, although Huang "may have engaged in 'other resistance'" to China's coercive family planning policy, he had not demonstrated any harm to himself rising to the level of persecution. The BIA also rejected Huang's claim that he would be punished for illegally leaving China. The Board noted that the fact that a country may punish or prosecute a citizen for illegal departure does not in general qualify that person for asylum. The Board then concluded that there is insufficient evidence in the record to establish that any future punishment Huang claimed might be imposed would constitute persecution. Huang filed a timely petition for review.

II.

We have jurisdiction pursuant to 8 U.S.C. § 1252 to review final orders of removal. In this case, the BIA affirmed the decision of the IJ and discussed some of the bases for the IJ's decision, so we therefore review the decisions of both the IJ and BIA. See Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). In doing so, we review factual findings for substantial evidence and may not disturb them "'unless any reasonable

3

adjudicator would be compelled to conclude to the contrary.'" Sandie v. Att'y Gen., 562 F.3d 246, 251 (3d Cir. 2009) (quoting 8 U.S.C. § 1252(b)(4)(B)). We exercise plenary review over conclusions of law, subject to the established principles of deference accorded agency decision-making. See Sioe Tjen Wong v. Att'y Gen., 539 F.3d 225, 231 (3d Cir. 2008).

Under the Immigration and Nationality Act ("INA"), an applicant may demonstrate eligibility for asylum by showing either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). The INA further states that "a person who has been forced to abort a pregnancy or to undergo involuntary sterilization . . . shall be deemed to have been persecuted on account of political opinion." 8 U.S.C. § 1101(a)(42)(B). We recently held, however, that there is no automatic refugee status for spouses of individuals subjected to coercive population control policies. Lin-Zheng v. Att'y Gen., 557 F.3d 147, 157 (3d Cir. 2009) (en banc). Thus, the IJ and the BIA properly held that Huang was not entitled to asylum based on his wife's abortion.

But spouses remain eligible for relief if they can establish that they personally were persecuted for resisting a coercive family planning policy, or that they have a well-founded fear of future persecution for that resistance. See 8 U.S.C. § 1101(a)(42). We agree with the IJ and BIA that Huang has not made such a showing. There is no evidence in the record that Huang himself was persecuted on account of his wife's second

4

pregnancy. He was not arrested, detained, or physically harmed. See Ahmed v. Ashcroft, 341 F.3d 214, 217 (3d Cir. 2003) ("persecution connotes extreme behavior, including threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom"). As for the detention of Huang's parents, their experiences cannot establish his eligibility for asylum under a statutory scheme that extends refugee status only to the individual who has been persecuted. See Lin-Zheng, 557 F.3d at 156.

In his brief before this Court, Huang takes issue with the IJ's conclusion that he has neither alleged nor proven a well-founded fear of future persecution in China for his resistance to the coercive family planning policy. He asserts that his testimony about the detention of his parents proves that he has a well-founded fear that he also would be detained by authorities if he returns to China. It is unclear whether Huang is asserting that he fears he will be detained as punishment for his prior resistance to the family planning policy, or that he will be detained if his wife becomes pregnant in the future. This lack of clarity is of no moment, however, because Huang never presented this claim to the IJ or the BIA. By failing to exhaust his administrative remedies, Huang has failed to preserve his right to judicial review of the claim. See 8 U.S.C. § 1252(d)(1); Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003).

Finally, Huang seeks to have his case remanded for further fact finding on his

claimed fear of future persecution for illegally departing China.[1]  As described earlier, the IJ held that Huang waived this claim for asylum by failing to testify about it.  The BIA rejected the claim on the merits because there is not "sufficient evidence in the record indicating that any punishment that the respondent claims would be imposed would constitute persecution (as opposed to prosecution and legitimate punishment) or torture."  Huang now argues that the IJ failed to carry out his duty to affirmatively develop the record on the illegal departure claim and that this failure entitles him to further proceedings on the claim.  Although this court has recognized that an IJ has a duty to assist an applicant in developing the record – such as advising the applicant about what corroborating evidence will be expected and allowing the applicant an opportunity to obtain it or explain its absence – that duty does not relieve the applicant of his ultimate burden of proving entitlement to asylum.  See 8 U.S.C. § 1158(b)(1)(B).  Moreover, the issue here is not that the IJ failed to notify Huang about the need for corroborative evidence or prevented him from presenting evidence or explanations, see Chukwu v. Att'y Gen., 484 F.3d 185, 192-93 (3d Cir. 2007), but rather that Huang, who was represented by counsel, failed to support a claim he listed in his application.  We thus agree with the BIA's conclusion that Huang failed to establish a well-founded fear of

_____

[1]  The government asserts that this Court lacks jurisdiction to review Huang's claim because it is unexhausted insofar as Huang failed to testify about it before the IJ.  Because the BIA elected to address and resolve the claim, we have jurisdiction to review it.  See Lin v. Att'y Gen., 543 F.3d 114, 123-24 (3d Cir. 2008).

6

future persecution for illegally departing China.

Accordingly, we will deny the petition for review.